**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

Lyle W. Cayce
Clerk

No. 11-50677
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR BURGOS-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-486-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Salvador Burgos-Rodriguez appeals the 57-month within-guidelines sentence he received following his guilty plea to illegal reentry into the United States after deportation. Burgos-Rodriguez argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court (1) did not consider his benign motive for illegally reentering the country, (2) gave too much weight to his remote criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions, and (3) did not consider the unwarranted sentencing disparity between defendants like himself and defendants who are convicted in districts with fast-track sentencing programs. He further contends that his sentence is not entitled to a presumption of reasonableness because the drug guideline, U.S.S.G. § 2L1.2, is not empirically based.

We review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009).

Burgos-Rodriguez does not challenge the procedural reasonableness of his sentence, and his substantive reasonableness arguments are unavailing. When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered all of the fair sentencing factors set forth in the Sentencing Guidelines. *United States v. Mares*, 402 F.3d at 511, 519 (5th Cir. 2005). The record reflects that the district court expressly considered the § 3553(a) factors, as well as Burgos-Rodriguez's arguments, for mitigating his sentence but expressly overruled his arguments and concluded that a within-guidelines sentence was "fair and reasonable" considering the circumstances of the case. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Burgos-Rodriguez's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

As he concedes, Burgos-Rodriguez's fast-track argument is currently foreclosed by circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d

554, 563 (5th Cir. 2008). His empirical data argument is also foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7. Furthermore, Burgos-Rodriguez's sentence, which is at the bottom of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Burgos-Rodriguez cannot demonstrate that the district court abused its discretion by sentencing him to a within-guidelines 57-month prison term. *See Gall*, 552 U.S. at 51. Accordingly, the district court's judgment is AFFIRMED.